## No. 15,468.

THOEN ET AL. *v.* PUBLIC SERVICE COMPANY OF COLORADO.
(146 P. [2d] 349)

Decided February 21, 1944.

Mr. ARTHUR E. MARCH, for plaintiffs in error.

Mr. L. R. TEMPLE, Mr. ALBERT P. FISCHER, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE YOUNG delivered the opinion of the court.

THE parties to this litigation are before us in reverse order of their appearance in the district court. For con-

venience, defendant in error is herein designated as plaintiff, and plaintiffs in error, as defendants.

Plaintiff instituted an action against defendants for negligently damaging its automobile. By cross complaint, defendants sought a recovery for damages to their car, charging that the same were caused by the negligence of plaintiff.

The record discloses that as plaintiff's car was being driven in a northerly direction on College Avenue, in the city of Fort Collins, in the right-hand lane of traffic near to, but east of, the center line of said avenue, at a rate of speed of from twenty-five to thirty miles per hour, defendants' car was proceeding in a southerly direction in the westerly lane of traffic on the same avenue at a speed of about twenty-five miles per hour. At the intersection of College Avenue and Pitkin Street, the speed of defendants' car was decreased to ten miles per hour, it was turned to the left, and stopped at a point where it projected about five feet into the easterly lane of traffic on College Avenue. A collision occurred, the right front wheel and fender of defendants' car coming in violent contact with plaintiff's north-bound auto. The cars came together within the intersection, north of the center line of Pitkin Street, which extends easterly and westerly, and east of the center line of College Avenue. The driver of plaintiff's car testified that he could not see defendants' car until it turned from behind the car which was ahead of it, and Myron O. Thoen, who was driving defendants' car, testified that he could not see plaintiff's car until he had turned out from behind the car ahead of him. He gave no signal. The driver of plaintiff's car attempted to apply his brakes, but was unable to stop within the distance intervening between the two cars after he saw defendants' car directly in front of him.

Plaintiff's counsel moved for a directed verdict at the close of all the evidence. The court denied the motion. By its instructions the court advised the jury as to the

applicable municipal traffic ordinance, and state laws, which, in so far as here pertinent, were as follows:

"It being admitted that this accident took place within the city limits of Fort Collins, Colorado, the traffic ordinances of that city would be controlling. Two sections of the traffic ordinance are applicable, and they are sections 4 and 6 of ordinance No. 17 of 1936, of Fort Collins, Colorado. Section 4 is:

" 'In turning corners all vehicles shall keep to the right of the center of the street and the driver shall extend his arm to indicate the direction going, in full conformity with the laws of the state of Colorado, and where streets are laned, left hand turns shall only be made from the lane which is nearest the center of the street.'

"That clause, 'In conformity with the laws of the state of Colorado,' refers to the general law of the state in that respect, which reads as follows, being section 209, chapter 16, C.S.A. 1935:

" 'The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver having so yielded and having given a signal when and as required on [by] his part, may make such left turn and the drivers of all [other] vehicles approaching the intersection from the [said] opposite direction shall yield the right-of-way to the vehicle making the left turn.'

"And section 6 of the ordinances of Fort Collins reads: 'At street intersections the driver of the vehicle on the left shall yield the right of way to the vehicle on the right. The driver of the vehicle within an intersection intending to turn to the left, shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard'."

The jury found against plaintiff on its complaint and

against defendants on their cross complaint. Plaintiff moved for a new trial on the following grounds:

"1. That the verdict of the jury was based upon contributory negligence of both parties and there was no evidence shown upon which the jury could find negligence on the part of the plaintiff.

"2. That the Court erred in refusing to grant Plaintiff's motion for a directed verdict.

"3. That the verdict of the jury is contrary to the law.

"4. That the verdict of the jury is contrary to the evidence."

The court sustained the motion and granted a new trial. Defendants excepted to the ruling on the ground that the case, under the evidence, was one proper for the jury to determine and that the court was without authority to set aside the verdicts, no error being assigned other than the insufficiency of the evidence to support them. The second trial was to the court without a jury. The defendants stood on their exception to the granting of a new trial and offered no evidence. Final judgment was for plaintiff.

Briefly stated, defendants' specification of points, upon which they rely for reversal of the judgment, is as follows: The court erred in sustaining the motion of defendant in error for a new trial; in setting aside the judgment theretofore entered in favor of plaintiffs in error upon the verdict of the jury; and in entering judgment in favor of defendant in error.

■ ■ The above stated facts shown by the record of the first trial, clearly disclose negligence on the part of defendant Myron O. Thoen, and we think it equally clear that they fail to show any contributory negligence on the part of the driver of plaintiff's car which would bar its recovery. Under such circumstances, the court should have sustained the motion of plaintiff for a directed verdict in its favor on its complaint and on defendants' cross complaint. Not having done so, it properly set aside the verdicts and granted a new trial. On

the second trial before the court the evidence, which was uncontroverted, was sufficient to support the court's finding that defendants were negligent, and judgment properly was entered in accordance with such finding.

Judgment affirmed.

Mr. Justice Hilliard dissents.